# **EXHIBIT B**

Case 1:24-cv-12071-IT    Document 27-4    Filed 08/13/25    Page 2 of 5

Epson America, Inc. v. Century21 Electronics, Not Reported in Fed. Supp. (2017)

2017 WL 8159961
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

EPSON AMERICA, INC.
v.
CENTURY21 ELECTRONICS

Case No. 2:16–cv–06877–SVW–FFM
|
Filed 06/22/2017

**Attorneys and Law Firms**

Caitlin Comstock Blanche, Andrew Shaun Gahan, K&L Gates LLP, Irvine, CA, Julia A. Mouser, Cannon and Nelms APC, Anaheim, CA, Morgan T. Nickerson, Pro Hac Vice, K&L Gates LLP, Boston, MA, for Epson America, Inc.

### CIVIL MINUTES—GENERAL

STEPHEN V. WILSON, U.S. DISTRICT JUDGE

**\*1** Proceedings: IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF DAMAGES [31].

Plaintiff Epson America, Inc. ("Plaintiff" or "Epson") brings this action against Century21 Electronics ("Defendant" or "Century21") for trademark infringement under the Lanham Act, unfair competition, false advertising, and violation of Business and Professions Code §§ 17200.[1] Dkt. 25 at 4. After the Defendant failed to defend this lawsuit, the Court granted Epson's motion for a default judgment against Century21, entering a permanent injunction to enjoin Centiuy21 from directly or indirectly continuing its fraudulent sales of Epson products. The Court also permitted Epson to take limited discovery to obtain information regarding Century21's sales of Epson products in order to properly calculate its damages. Dkt. 29 at 3–4.

Presently before the Court is Plaintiff's Motion for an Award of Damages related to the Defendant's trademark infringement. Dkt. 31. The Plaintiff contends that the proper measure of damages is the total revenue associated with the Defendant's unauthorized use of Epson Marks. The Plaintiff has put forward evidence of the Defendant's revenues, which it gathered by serving a subpoena on Amazon.com to obtain the sales history for Century21 's seller account. Dkt. 31. However, since the Defendant willfully chose to not defend this action, the Defendant has not met its burden of producing evidence of the costs related to the sale of products bearing the Epson Trademarks, which is required by statute to offset the revenues produced by the Plaintiff. 15 U.S.C. § 1117(a) (stating that when the Court assesses profits "the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."). Therefore, the proper measure of damages in this case is the gross revenue of the Defendant, which totals $3,281,562.11. Thus, the Court GRANTS the Plaintiff's Motion awards damages in the amount of $3,281,562.11.[2]

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Epson is a corporation under the laws of the State of California, with its principal place of business located in Long Beach, California. Dkt. 1 at 3. Epson is a principal subsidiary of Seiko Epson Corporation ("SEC"), a Japanese corporation headquartered in Suwa, Nagano. *Id.* Since its inception in 1942, Epson has been involved in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories. *Id.* Plaintiff contends that Defendant Century21 is located in Hialeah, Florida and is involved in selling infringing Epson products to customers through its Amazon.com seller account and other platforms of commerce. *Id.,* Century21 has conducted these sales nationwide and within the state of California under the seller name "Century21 Electronics." *Id.*

**\*2** SEC is the exclusive owner of the federally registered mark EPSON, which is listed in various registrations on the U.S. Patent and Trademark Office's ("PTO") Principal Register. Dkt. 1 at 3. On January 26, 1982, the PTO issued Registration No. 1,187,440 for the EPSON trademark and design to SEC for use of liquid crystal and digital display panels, still in effect in the United States today. *Id.* at 3–4. Furthermore. SEC owns other federal trademark and service mark registrations that contain the Epson Mark. *Id.* at 4. Epson has used EPSON as a distinctive mark and feature of its trade name for over forty years. *Id.* at 4–5. As a result of a significant amount of time and finances spent on advertising, promoting, and developing Epson Marks throughout the United States, Plaintiff contends that the Epson Marks have become recognizable throughout the United States as a symbol of high quality products. Dkt. 1 at 4. Epson continues to uphold its reputation by fulfilling consumer expectations

in ensuring that products bearing the Epson Marks are held to a high standard of quality and production. *Id.*

The underlying facts of the case as alleged by the Plaintiff and understood by the Court are well-known to the parties from previous orders. *See, e g.,* Dkt. 26. In 2016, Epson learned that Century21 was selling refurbished Epson products to consumers that were falsely advertised and packaged in order to make them appear new to consumers. Dkt. 1 at 4–7. Epson sent at least three letters to Century21 requesting that it stop selling Epson products, tampering with packaging, and falsely advertising the condition of its products. However, Century21 failed to reply and instead chose to not defend in this suit. Accordingly, the Court gr anted the Plaintiff default judgment against Century21, specifically on Plaintiff's claims for Federal Trademark Infringement (15 U.S.C. § 1125), False Advertising and Unfair Competition (15 U.S.C. § 1125), and Violation of Business and Professions Code §§ 17200. Dkt. 26. The Court issued a permanent injunction to enjoin Century21 from continuing its fraudulent sales of Epson products and permitted Epson to take limited discovery to obtain information regarding Century21's sales of its products. *Id.* at 7–8.

The current Motion for an Award of Damages follows a subpoena issued to Amazon.com to gain Century21's sales records of Epson products. Dkt. 26 at 8. Epson now moves for an award of damages for the frill amount of Century21's sales of its products. Dkt. 31. In addition, Epson also requests reimbursement for its attorneys' fees and costs incurred in prosecuting this case. *Id.* at 6.

## II. LEGAL STANDARD FOR DAMAGES UNDER THE LANHAM ACT

The Lanham Act provides the appropriate measure of damages in a trademark infringement case, as well as the mechanism by which those damages are determined. U.S.C. § 1117(a). When a violation of the Lanham Act has been established, "the plaintiff shall be entitled ... subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). In describing the mechanism through which a court might determine the proper measure of damages, the Act states, "The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." U.S.C. § 1117(a). The Ninth Circuit has confirmed that the determination of profits under § 1117 is not a jury question but rather a determination for the court. *Fifty–Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.,* 778 F.3d 1059, 1076 (9th Cir. 2015) (finding that, because "the determination of profits under § 1117 is not 'fundamental, ... inherent in and of the essence of the system of trial by jury,' " it does not need to be decided by a jury).

## III. DISCUSSION

The Court now finds that the Plaintiff is entitled to trademark infringement damages in the amount of $3,281,562.11, the same amount it requests. It has sufficiently demonstrated through evidence gathered through the subpoena issued to Amazon.com that the amount is an accurate measure of the Defendant's gross revenues from selling the infringing products, while the Defendant has not defended this case and thus not met its burden of producing any costs or deductions. As a result, the Plaintiff is entitled to their full requested amount.

### A. Finding of Liability for Trademark Infringement

*3 As discussed above, the Court already ruled in its granting of default judgment that the Defendant is liable to the Plaintiff for trademark infringement under the Lanham Act. Dkt. 26. Epson has provided sufficient information that proves the company owns the valid trademarks at issue in this case. Dkt. 1. Without Epson's permission, Century21 sold refurbished Epson products to consumers advertised as being new. Dkt. 26 at 2. Thus, the only issue now before the Court is the collect amount of damages that should be awarded to the Plaintiff.

### B. Calculating the Damages for Trademark Infringement

In assessing profits under the Lanham Act, "the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). The Court finds that the Plaintiff has indeed sufficiently demonstrated that the Defendant's sales are $3,281,562.11. The Plaintiff gathered evidence concerning the Defendant's sales of Epson refurbished products on Amazon.com by issuing a subpoena to Amazon. Dkt. 31. Amazon responded with a spreadsheet that detailed all sales Century21 made of Epson products, as well as others. *Id.* at 4. The Plaintiff then attached a summary of the

Defendant's sales of just Epson products. *Id.* at Exh. A. The summary sufficiently demonstrates that the Defendant sold 4,046 Epson products and made $3,281,562.11 in revenue. *Id.* Thus, the Plaintiff has sufficiently produced evidence of the Defendant's sales as required under the Act.

Once the Plaintiff has proved the existence of infringing sales, the Defendant must prove all costs or deductions claimed in order to offset those sales. [15 U.S.C. § 1117(a)](). Importantly, in order to be entitled to deductions the Defendant must show that any deductions for business expenses, "[were] of actual assistance in the production, distribution or sale of the infringing product." [*Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 772 F.2d 505, 516 (9th Cir. 1985)](). Here, the Defendant decided not to defend the case; therefore, the Defendant cannot present evidence of any offsetting costs. Since it is the Defendant's burden to prove its costs and expenses related to its sale of the infringing product, the Defendant is not entitled to offset the Plaintiff's showing of gross revenues because it has failed to produce any evidence whatsoever of any costs or deductions. As a result, the Plaintiff is entitled to the Defendant's frill revenues of $3,281,562.11 as a measure of the Plaintiff's damages resulting from the Defendant's trademark infringement.

1. **Reasonable Attorneys' Fees and Costs**

Attorney fees are appropriate in "exceptional cases," [15 U.S.C. § 1117(a)](), which generally includes situations in which a defendant has constructive and actual notice of a plaintiff's mark but refuses to cease his infringing conduct.[3] [*Discovery Commc'ns, Inc. v. Animal Planet, Inc.,* 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001)](). Local Rule 55–3 states, "The Court shall hear the request and render judgment for such fee as the Court may deem reasonable." For judgments over $100,000, the base attorneys' fees award is "$5,600 plus 2% of the amount over $100,000." L.R. 55–3. Additionally, Epson is entitled to recover its costs of the action. [15 U.S.C. § 1117(a)](). Consistent with this Court's local rule, the Plaintiff may be entitled to an attorneys' fees award of $69,231.24. This amount reflects the $5,600 base award from the schedule in addition to the 2% of the amount of judgment which exceeds $100,000, or 2% of $3,181,562.11. However, the Plaintiff has represented that it has only incurred $30,683 in attorneys' fees to date and therefore seeks an award of that amount. In addition, Epson seeks to recover the cost to file the Complaint and other related documents, amounting to a total of $400. Therefore, Epson requests a total of $31,083 in attorneys' fees and costs. Accordingly, this Court deems the Plaintiff's request reasonable and GRANTS the Plaintiff an award of $31,083 for attorneys' fees and costs.

**IV. ORDER**

**\*4** For the foregoing reasons, the Court GRANTS the Plaintiff's Motion for an Award of Damages. The Plaintiff is awarded $3,281,562.11 as a measure of damages for the Defendant's trademark infringement and $31,083 in attorneys' fees and costs, for a total award of $3,312,645.11.

The prevailing party will submit a proposed judgment consistent with this Order.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 8159961

---

**Footnotes**

| | |
|---|---|
| 1 | The Court granted default judgment on Plaintiff's claims for unfair competition (Dkt. 26, pp. 4–5), false advertising (Dkt. 26, pp. 4–5), and Violation of [Business and Professions Code §§ 17200]() (Dkt 29, p. 3, 14–16). However, as the Motion for Damages focuses on the Plaintiff's claims for trademark infringement, he Court will similarly focus its attention there. |
| 2 | Having read and considered the papers presented by the parties, the Court finds this matter suitable for determination without oral argument. *See* [Fed. R. Civ. P. 78](); Local Rule 7–15. Accordingly, the hearing scheduled for June 26, 2017, at 1:30 p.m. is VACATED and OFF CALENDAR. |

**Epson America, Inc. v. Century21 Electronics, Not Reported in Fed. Supp. (2017)**

Case 1:24-cv-12071-IT    Document 27-4    Filed 08/13/25    Page 5 of 5

| 3 | The Court previously found that the Defendant's use of the EPSON Marks was a willful violation under the Lanham Act. Dkt. 29, p. 3, lines 11–14. |
|---|---|

---

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.